IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARIO KNIGHT,** | * | |
| **Plaintiff,** | * | |
| v. | * | **CIVIL NO. JKB-25-1078** |
| **BALTIMORE CITY CHILD SUPPORT,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Plaintiff Mario Knight has filed suit against "Baltimore City Child Support." (ECF No. 1.) He has also filed a Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2.) The Court will dismiss the Complaint for lack of jurisdiction.

"[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citations and internal quotation marks omitted). For a federal court to have subject matter jurisdiction over an action, typically there must either be diversity of citizenship between the parties ("diversity jurisdiction"), 28 U.S.C. § 1332, or the action must arise under the Constitution, laws, or treaties of the United States ("federal-question jurisdiction"), 28 U.S.C. § 1331. Neither is present here.

With respect to diversity jurisdiction, there is no diversity of citizenship between the parties, as Plaintiff is a resident of Maryland, as is "Baltimore City Child Support." Further, although Plaintiff cites to several federal criminal laws—18 U.S.C. § 878 (which relates to threats and extortion against foreign officials, official guests, or internationally protected persons), 18 U.S.C. § 872 (which relates to extortion by officers or employees of the United States), and 18

U.S.C. § 3571 (which Plaintiff asserts relates to "slavery forced compliance" but which in reality relates to the payment of fines for persons guilty of an offense), (*see* ECF No. 1 at 4)—it is well established that private citizens do not have a right of action to enforce criminal statutes. *Moore v. Reddy*, Civ. No. SAG-23-2854, 2023 WL 7089933, at *1 (D. Md. Oct. 26, 2023) ("[Plaintiff's] recitation of federal criminal statutes does not establish federal question jurisdiction.").

Accordingly, it is ORDERED that:

1. This case is DISMISSED; and
2. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to the Plaintiff.

DATED this __2__ day of April, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge